IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 24, 2008

Charles R. Fulbruge III
Clerk

No. 07-10754
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOSE LUIS NUNEZ-GONZALEZ

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:07-CR-16-ALL

Before SMITH, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jose Luis Nunez-Gonzalez pleaded guilty to illegal reentry after deportation. The district court enhanced Nunez's offense level pursuant to Sentencing Guidelines § 2L1.2(b)(1)(B), based on Nunez's previous New Mexico guilty-plea conviction of possession of marijuana with intent to distribute. Nunez was sentenced to a 37-month term of imprisonment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Although post-Booker, the Sentencing Guidelines are advisory only, and an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the guideline-sentencing range for use in deciding on the sentence to impose. Gall v. United States, 128 S. Ct. 586, 596 (2007). In that respect, its application of the guidelines is reviewed de novo; its factual findings, only for clear error. E.g., United States v. Villegas, 404 F.3d 355, 359 (5th Cir. 2005).

For the first time on appeal, Nunez challenges the application of the above-referenced enhancement. Contending the New Mexico statute under which he was convicted encompasses activity outside the generic definition of a drug-trafficking offense, he maintains the statute is broad enough to criminalize the possession of a controlled substance with the intent to administer it to another. Nunez claims such conduct does not fall within the definition of a drug-trafficking offense under the Sentencing Guidelines.

As Nunez acknowledges, his failure to challenge the enhancement in the district court results in our reviewing only for plain error. See United States v. Gracia-Cantu, 302 F.3d 308, 310 (5th Cir. 2002). For reversible plain error, Nunez must show clear or obvious error that affects his substantial rights. E.g., United States v. Marek, 238 F.3d 310, 315 (5th Cir. 2001). Even if these factors are established, this court will generally not exercise its discretion to correct the plain error unless it "seriously affects the fairness, integrity, or public reputation of judicial proceedings". Id.

Under the categorical approach provided in Taylor v. United States, 495 U.S. 575, 602 (1990), a district court must look to the elements of a prior offense, rather than to the facts underlying the conviction, when classifying a prior offense for sentence-enhancement purposes. E.g., United States v. Garza-Lopez, 410 F.3d 268, 273-74 (5th Cir. 2005). In a "narrow range of cases", such as when determining whether a prior conviction was a "drug trafficking offense", a district court may look beyond the elements of the offense when classifying a

prior offense for sentence-enhancement purposes. Id. at 273 (citations and internal quotation marks omitted). Even where the district court may look beyond the elements of the offense, however, the district court is "not free to consider any facts, but may consider the statutory definition of the offense, [and, inter alia,] the charging paper, and the jury instructions". Id. A district court may not rely solely on the presentence investigation report's (PSR) characterization of the offense for enhancement purposes. See id. at 273-74.

The indictment for the New Mexico offense alleged that Nunez knowingly possessed with the intent to transfer, or did attempt to transfer, marijuana to another. Because the conduct described in Nunez's state-court marijuana indictment is equivalent to the offense of possession of a controlled substance with intent to distribute, the district court did not plainly err in enhancing Nunez's offense level under § 2L1.2(b)(1)(B). See United States v. Ford, 509 F.3d 714, 717 (5th Cir. 2007).

In the light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Nunez also challenges the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. This argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). See United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), cert. denied, 128 S. Ct. 872 (2008).

AFFIRMED.